IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LISA YEVONNE JARRETT                                                              PLAINTIFF

     v.                                      CIVIL NO. 12-3011

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                    DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On January 19, 2012, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For reasons stated below, the undersigned recommends that Plaintiff's IFP motion be denied.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

A number of courts have recognized that, in making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her spouse or family. *See Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010); *Pifer v. Astrue*, 2009 WL 3379021 at *3 (N.D. W.Va. Oct. 16, 2009); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting *Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)); *Assaad-Faltas v. University of South Carolina*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997); *Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756 at *3 (N.D. Ind. August 18, 1993).

Plaintiff's IFP application represents that she is married with one dependent child. ECF No. 2, at 1-2. She owns a 2000 Chrysler Voyager and has $100 in her checking account. *Id.* Plaintiff's husband receives a total of $2389 per month from workers' compensation and social security disability payments. *Id.* Plaintiff receives $1017 per month in social security disability on her son's behalf. *Id.* She also receives $95 per month based on her husband's disability. *Id.* Therefore, Plaintiff's monthly household income is approximately $3500.

Although Plaintiff does not work and owns little property, the court cannot conclude that she is indigent for IFP purposes. After deducting Plaintiff's reported monthly expenses, roughly $900 remains each month. Plaintiff has not shown that her assets, including her husband's workers' compensation and disability benefits, are insufficient to allow her to pay the filing fee for this action, nor has she alleged that her husband has denied access to such funds. *See Lee v. McDonald's Corp.*, 231 F.3d 456, 458-459 (8th Cir. 2000). For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

Accordingly, the undersigned recommends that Plaintiff's IFP application be denied and she be required to pay the filing fee of $350.00. **The parties have <u>fourteen</u> days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

ENTERED this 20th day of January 2012.

/s/ J. Marschewski
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A (Rev. 8/82)