IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

LISA YEVONNE JARRETT                                                           PLAINTIFF

v.                                      Civil No. 12-3011

CAROLYN W. COLVIN[1], Commissioner
Social Security Administration                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Lisa Jarrett, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

The Plaintiff filed her application for DIB on March 9, 2009, alleging an onset date of August 1, 2006[2], due to fibromyalgia, chronic back and shoulder pain, lumbar spondylosis, severe muscle spasms and weakness, joint swelling and stiffness, migraine headaches, right hip and left knee pain, obesity, chronic obstructive pulmonary disease ("COPD"), costochondritis, left knee pain, stress urinary incontinence with nocturia and frequency, major depression, and anxiety. Tr. 112-113, 119, 142-145, 170. The Commissioner denied Plaintiff's application

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

[2]Plaintiff later amended her onset date to November 1, 2008, due to being gainfully employed. Tr. 9, 33-34.

initially and on reconsideration. Tr. 61-63, 65-66. An administrative hearing was held on October 25, 2010. Tr. 28-55. Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 47 years old and possessed a high school education. Tr. 21, 32-33. She had past relevant work ("PRW") experience as a school bus driver, nursing home worker, and Arkansas Highway Department worker. Tr. 21, 120, 157-165.

On December 16, 2010, the ALJ found Plaintiff's fibromyalgia, trochangeric bursitis, lumbar spondylosis, degenerative disk disease of the lumbar spine at the L5-S1 level, lumbar facet arthropathy, obesity, major depression, and anxiety to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 21. After partially discrediting Plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work that did not involve climbing ladders, ropes, or scaffolds or exposure to hazards, involved only occasional postural functions, facilitated a sit/stand option, involved no more than occasional changes to work place setting, and required personal contact incidental to the work performed. Tr. 21. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a bakery line worker, counter clerk, and small parts packer. Tr. 22, 34.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on November 29, 2011. Tr. 1-5. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned by consent of the parties. ECF No. 5. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 13.

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and the ALJ's opinion, and are repeated here only to the extent necessary

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by

3

medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC assessment. The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Adequate medical evidence must therefore exist that addresses the claimant's ability to function in the workplace. *See Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). The ALJ is not at liberty to make medical judgments regarding the ability or disability of a claimant to engage in gainful activity where such inference is not warranted by clinical findings. *McGhee v. Harris*, 683 F.2d 256 (8th Cir. 1982). And, while the issue is not the existence of pain, the issue is whether the Plaintiff's

4

experience of pain precludes substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The evidence reveals that Plaintiff has a history of treatment for fibromyalgia, necessitating pain medication and frequent pain injections. "Fibromyalgia is a common nonarticular disorder of unknown cause characterized by generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep." THE MERCK MANUAL, *Fibromyalgia*, http://www.merckmanuals.com/professional/musculoskeletal_and_connective_tissue_disorders/bursa_muscle_and_tendon_disorders/fibromyalgia.html?qt=fibromyalgia&alt=sh (last accessed September 9, 2013). Any fibromuscular tissues may be involved, but fibromyalgia is especially prevalent in the occiput, neck, shoulders, thorax, low back, and thighs. *Id*. The symptoms of fibromyalgia are typically generalized, in contrast to localized soft-tissue pain and tenderness, and can be exacerbated by environmental or emotional stress, poor sleep, trauma, or exposure to dampness or cold or by a physician who implies that the disorder is "all in the head." *Id*. There are, however, no laboratory tests for the presence or severity of fibromyalgia, and treatment includes exercise, local heat, stress management, drugs to improve sleep, and analgesics. *Id*.

Examinations revealed tenderness in multiple trigger points, joint pain, some joint swelling, and range of motion limitations most commonly in the shoulders, lower back, and knees. Narcotic pain medications and muscle relaxers were prescribed, and physical therapy was of no assistance. While we do note that nerve branch blocks were initially successful, the evidence reveals that the pain relief was short-term. Tr. 497-504. Within a month, Plaintiff

5

returned to her treading doctors for narcotic pain injections and steroid injections and continued to do so on a regular basis. Tr. 464-465, 521-522, 526-528, 534-536, 531-533, 578. On May 24, 2010, Dr. Randy Roberts, one of Plaintiff treating physicians, completed a medical source statement. Tr. 584. He concluded that Plaintiff could stand and walk for a total of 4 hours per day and could reach, finger, and handle continuously for 1/3 of an 8-hour workday due to chronic muscular pain. *See Collins ex rel. Williams v. Barnhart*, 335 F.3d 726, 730 (8th Cir. 2003) (holding that a treating physician's opinion is generally entitled to substantial weight).

After reviewing the record, the ALJ concluded that Plaintiff could perform light work, which requires standing and walking for a total of six hours per day. *See* Social Security Ruling 83–10. As the evidence does not support the conclusion that Plaintiff could stand and walk for this length of time, remand is necessary to allow the ALJ to reconsider Plaintiff's RFC.

**V.    Conclusion:**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 9th day of September 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE

6